UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:24-mj-4226 |
| | ) | |
| | ) | JUDGE FRENSLEY |
| LUZGARDO RODRIGUEZ | ) | |

**UNITED STATES' MOTION FOR DETENTION HEARING
AND FOR DETENTION OF THE DEFENDANT**

COMES NOW the United States of America by Thomas J. Jaworski, Acting United States Attorney, and Robert E. McGuire, Assistant United States Attorney, and moves this Court for a detention hearing and for detention of the Defendant in this matter. Federal law holds that "the judicial officer shall hold a hearing to determine whether any conditions or combination of conditions…will reasonably assure…the safety of any other person and the community – upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves…a serious risk that the person will flee; or a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective juror or witness." 18 U.S.C. § 3142(f)(2)(A) & (B).

The Defendant has limited ties to this District other than having committed the alleged offenses here. The Defendant came into contact with law enforcement in Clarksville on or about July 12, 2024. During that time, according to the Criminal Complaint, law enforcement investigated the Defendant for potential inappropriate sexual contact with a minor. It was then learned that the Defendant had been previously deported on multiple occasions the last of which was an deportation into Mexico on May 10, 2023 meaning that the Defendant was back in Nashville a mere fourteen months after being deported multiple times. After the Defendant's

contact with law enforcement in Clarksville he fled the jurisdiction and was eventually apprehended in Arkansas. The United States believes that the Defendant may still have the ability to contact the minor that was part of the initial investigation in Clarksville.

The Government submits that it is reasonable for the court to take testimony on this issue to determine if the Government is entitled to a detention hearing and whether the Defendant should be detained. This procedure is appropriate and will provide the Court with the best evidence to determine how to proceed on the issue of detention going forward under 18 U.S.C. § 3142. *See. United States v. White,* Case No. 3:21-mj-04070 (Doc. No. 65, PageID #:278) (M.D. Tenn. May 27,. 2021.) ( "Ultimately, the Court cannot conclude that the Government should be deprived of the opportunity to establish, at the detention hearing itself, satisfaction of one of the two required steps for obtaining the detention order it seeks. This means, in this case, that the Court will do what the court did in, for example, *Mendoza-Balleza*: examine whether the evidence introduced at (or before) the detention hearing shows that the Government has met its burden of satisfying step one by showing by a preponderance a serious risk of flight.") (citing *United States v. Mendoza-Belleza*, 420 F.Supp. 3d 716 (E.D. Tenn 2019).

The United States respectfully requests a continuance of three business days in order to adequately prepare for the hearing in this matter.

        Respectfully submitted,

        THOMAS J. JAWORSKI
        Acting United States Attorney

By:

    */s/ Robert E. McGuire*
    ROBERT E. McGUIRE
    Assistant U.S. Attorney
    719 Church Street, Suite 3300
    Nashville, Tennessee 37219
    (615) 401-6607

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant via CM/ECF on the 24th day of October, 2024.

*/s/ Robert E. McGuire*
ROBERT E. MCGUIRE

3

Case 3:24-cr-00198   Document 6   Filed 10/24/24   Page 3 of 3 PageID #: 29